**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**DONALD MACK BENNETT**
       **Petitioner,**

    v.          **9:04-CV-0554**
               **(GLS/DEP)**

**DR. WHALEN, NURSE WARNER,**
**administrator, DR. SIEDMAN**

       **Respondent.**

---

**APPEARANCES:**       **OF COUNSEL:**

**FOR THE PLAINTIFF:**

DONALD MACK BENNETT
Petitioner, *Pro Se*
Last Known Address:
19 Washington Ave.
New Rochelle, NY 10801

**GARY L. SHARPE**
**United States District Judge**

## ORDER

On May 17, 2004, Donald Mack Bennett filed a *pro se* 1983 Prisoner Civil Rights complaint. *See Dkt. No. 1.* On March 25, 2005, the court sent a compliance Order consistent with local practice in this district which warned Bennett of his obligation to notify the court of any address change.

*See L.R. 10.1(b)(2)*.  Furthermore, he was warned that his failure to comply with this rule could result in the dismissal of his action.  *See L.R. 41.2(b)*.  More specifically, the court mailed him an order which provided, *inter alia*:

> **Petitioner is also required to promptly notify the Clerk's Office and counsel for the respondent of any change in his address; his failure to do same will result in dismissal of the action.**

*See Order, Dkt. No. 4* (emphasis in the original).   In fact, while this litigation has been pending, Bennett acknowledged this obligation by filing a change of address on three different occasions. *See Dkt. Nos. 8-10.*

On March 25, 2005, an Order Directing Compliance was issued directing plaintiff to file an affidavit within (30) thirty days of the filing date of that order showing good cause why this case should not be dismissed. *See Dkt. No. 11.*  Bennett's copy of the order was mailed to his last known address, but returned as Addressee Unknown Return to Sender. *See Dkt. No. 12.*

On April 11, 2005, the court issued an order directing Bennett to notify the court within fourteen days of his current address and/or verify that his mailing address is as listed in the caption of this order.  *See Dkt. No. 13*.  The court warned Bennett that his failure to comply with the order

2

could result in dismissal for failure to comply with L.R. 10.1(b) and 41.2(b). Bennett's copy of the order was mailed to his last known address, but returned as Addressee Unknown Return to Sender. *See Dkt. No. 14.* Despite his knowledge of his obligation to apprise the court of his current address and the consequences of failing to do so, Bennett has not complied with the court's April 11 order.

Bennett's failure to provide this court with a change of address warrants dismissal. Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action for failure to prosecute. Courts in the Northern District of New York have dismissed law suits brought by *pro se* plaintiffs for failure to provide a current address. *See Fenza v. Conklin*, 177 F.R.D. 126 (N.D.N.Y. 1988); *Williams v. Faulkner*, 95-CV-741, 1998 WL 278288 (N.D.N.Y. May 20, 1998); *Dansby v. Albany County Corr. Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996).

**WHEREFORE,** for the foregoing reasons, it is hereby

**ORDERED**, that Bennett's complaint is **DISMISSED** for failure to notify the court of his current address, for failure to prosecute, and for failure to comply with this court's April 11 order; and it is further

**ORDERED** that the Clerk of the Court serve copies of this Order to the parties by regular mail at the addresses listed in the caption; and it is further

**ORDERED** that the Clerk serve plaintiff at his last known address.

**Dated: April 26, 2005**
       **Albany, NY**

Gary L. Sharpe
U.S. District Judge